IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SCOTT M. BOGER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 7:10cv175 |
| | ) |
| S.K. YOUNG, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the Respondent S.K. Young, by counsel, and in support of his motion to dismiss pursuant to Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, respectfully states as follows:

1. Scott M. Boger ("Boger"), #1127139, is an inmate confined within the Virginia Department of Corrections ("VDOC") and currently housed at Pocahontas State Correctional Center. Boger has filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary conviction in which he lost 90 days of accumulated good time. Boger claims that the conviction violates state law, due process, and several amendments under the United State Constitution. Boger says that the writ should issue and:

    (a)    His forfeited 90 days loss of accumulated ESC should be restored;

    (b)    His ESC should be changed back from Level IV to II from 8/25/09 to his September Annual Review since the ICA changed it and made it effective that date;

  (c) His ESC Level should be changed from its current level IV to I and this made effective as of his September 2009 Annual Review.

2. Boger previously filed a petition for writ of habeas corpus in the Virginia Supreme Court concerning the above claims. Therefore, the Respondent submits that Boger has exhausted his state court remedies.

3. The Respondent encloses and incorporates by reference as Exhibit I a certified true copy of <u>Scott M. Boger, No. 1127139 v. Warden of the Pocahontas State Correctional Center</u>, Record No. 092372. The Respondent submits that the transcripts and records of his initial commitment trial are not relevant to this proceeding. Accordingly, the Respondent will not provide the transcripts and records unless specifically directed by this Court.

4. Upon review of Boger's state petition, the Virginia Supreme Court, by order dated February 16, 2010, dismissed the petition opining that "habeas corpus does not lie in this matter and that the writ of habeas corpus should not issue as prayed for. <u>See</u> <u>Carroll v. Johnson</u>, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009)." On April 21, 2010, the Virginia Supreme Court denied Boger's petition for rehearing.

5. The Respondent is entitled to dismissal of this Petition under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim,
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

6.   The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of corrections by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

7.   Accordingly, unless one of the two statutory exceptions applies, this Court should not grant any relief on Boger's claims.

8.   The Virginia Supreme Court articulated its dismissal of Boger's state petition by opining that "habeas corpus does not lie in this matter and that the writ of habeas corpus should not issue as prayed for. See Carroll v. Johnson, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009)."

3

This Court may not "presume that [the] summary order is indicative of a cursory or haphazard review of [the] petitioner's claims." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). The Virginia Supreme Court's dismissal order constitutes an adjudication on the merits and must be reviewed under the deferential provisions of § 2254(d)(1). See Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000).

9. This case does not involve a decision that was contrary to, or an unreasonable application of, clearly established federal law and there were no unreasonable determinations of facts by the Virginia Supreme Court. Accordingly, the Respondent is entitled to dismissal of the petition.

10. The Respondent does not waive exhaustion or any other applicable pleading requirement.

11. Because this Court can dispose of the Petition on the basis of the pleadings and record, the Respondent further states that no plenary hearing before this Court is required.

WHEREFORE, for the reasons stated above, the Respondent prays that this Honorable Court deny and dismiss the Petition for a Writ of Habeas Corpus.

    Respectfully submitted,

    S.K. YOUNG

    By: s/ J. Michael Parsons
    J. Michael Parsons, AAG, VSB #68520
    Attorney for Respondent
    Office of the Attorney General
    Public Safety & Enforcement Division
    900 East Main Street
    Richmond, Virginia 23219
    Phone: (804) 786-8115
    Fax: (804) 786-4239
    jparsons@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2010, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participants: N/A, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: pro se Petitioner Scott M. Boger, #1127139, Pocahontas State Correctional Center, Post Office Box 518, Pocahontas, Virginia 24635-0518.

          s/     J. Michael Parsons
J. Michael Parsons, AAG, VSB #68520
Attorney for Respondent
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-8115
Fax: (804) 786-4239
jparsons@oag.state.va.us